# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

August 3, 2009

Ms. Natalie Scott
88 E. Broadway
Eugene, OR 97401-2933

Mr. Jared Casper
1818 E. McAndrews Rd.
Medford, OR 97504

RE:   Adversary No. 09-6006-fra   PATSY R. MARTIN v. MICHAEL D. SOVINE

Dear Counsel:

     Defendants filed a motion for summary judgment and a hearing was held on June 18, 2009, at the conclusion of which I took the matter under advisement. The purpose of this letter is to announce my ruling.

<u>Background</u>

     Plaintiff Patsy Martin was the owner of real property in Medford and entered into a contract on May 3, 2005 with Defendant Michael Sovine "and or assignees" for the sale of the property. The sale price was $1,240,000, with $640,000 to be paid in cash at the closing of escrow and the remaining $600,000 payable within two years at 8% interest. The $600,000 note, signed by both Michael Sovine and Defendant Suzanne Sovine, was to be secured by a deed of trust against the property being sold. An addendum to the contract of sale was entered into between the parties on May 23, 2005, which indicates that the buyer will execute a note to the Plaintiff in the amount of $600,000, secured by a second deed of trust. The grantor of the trust deed was Defendant M & S Developments, Inc., a corporation wholly owned by the Sovines. The sale of the property occurred on June 10, 2005.

     Defendants Sovine obtained a loan in the amount of $1 million from JLK Investments, Inc. and James Plummer, part of which was used to make the down payment to the Plaintiff. The $1 million loan was secured by a first priority deed of trust against the real property being purchased by the Defendants. It was the Defendants' intention to develop the real property for the sale of residential lots.

     Defendants were unable to develop the property for residential use, having belatedly discovered that the property is subject to a planning overlay designating it as the site of a regional storm water detention facility. Defendants Michael and Suzanne Sovine thereafter filed

bankruptcy under chapter 7 on October 24, 2008, scheduling the Plaintiff's claim in the amount of $762,016 as an unsecured nonpriority claim. The Sovines were granted a discharge of debts on March 25, 2009.

Plaintiff filed this adversary proceeding prior to the bar date, alleging that Defendants intentionally mislead her into believing that her claim was secured by a first priority deed of trust, thus depriving her claim of secured status. She seeks a money judgment and a declaration that her claim is not subject to discharge under §§ 523(a)(2)(A), (a)(4) and/or (a)(6). Defendants filed an Answer and Counterclaim and thereafter a motion for summary judgment.

## Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

## Analysis and Discussion

A. Claims Under §§ 523(a)(4):

Code § 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." "The term 'fiduciary' is given a very narrow definition under this section . . . . The trust giving rise to the fiduciary relationship must be imposed prior to any wrongdoing. . . . These requirements eliminate constructive, resulting or implied trusts." In re Schneider, 99 B.R. 974, 976-77 (9th Cir. BAP 1989). The general characteristics of an express trust are: "1) sufficient words to create a trust; 2) a definite subject; and 3) a certain and ascertained object or res. . . . The intent to create a trust relationship rather than a contractual relationship is the key element in determining the existence of an express trust."

The Plaintiff has not alleged an intent to create a trust relationship, nor has any evidence been presented to that effect. Rather, the evidence submitted by the parties shows that it was the parties' intent to create a contractual relationship.

The exception from discharge for debts from embezzlement or larceny "excepts from discharge debts resulting from the fraudulent appropriation of another's property, whether the appropriation was unlawful at the onset, and therefore a larceny, or whether the appropriation took place unlawfully after the property was entrusted to the debtor's care, and therefore was an embezzlement." 4 Collier on Bankruptcy ¶ 523.10[2] (15th ed. rev'd 2008). There have been no allegations or evidence presented of a fraudulent appropriation of Plaintiff's property; rather, there was a lawful sale of real property.

B. Claims Under § 523(a)(6):

Code § 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." To prove a "willful and malicious injury" one must show that a debtor "had a subjective motive to inflict injury or that the debtor believed that injury was substantially certain to occur as a result of the conduct." In re Su, 290 F.3d 1140, 1144 (9th Cir. 2002)(citing In re Jercich, 238 F.3d 1202 (9th Cir. 2001), cert den'd, 533 U.S. 930 (2001)).

Defendants have presented evidence that they had little to no contact with the Plaintiff prior to the sale of the property, as the parties relied on real estate agents to represent their interests. Plaintiff has alleged that Defendants misrepresented a material fact concerning the transaction, but has presented no evidence that Defendants' motive was to inflict an injury on the Plaintiff or that the Defendants subjectively believed at the time of the sale that an injury to Plaintiff was substantially certain to occur as a result of their conduct. The conclusory allegation in the complaint that Defendants' actions were "willful, wanton, intentional, and/or malicious" is insufficient to survive Defendants' motion for summary judgment.

C. Claims Under § 523(a)(2)(A):

A debt is excepted from discharge under this section if it is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (a) false pretenses, a false representation, or actual fraud . . . ." In order to prove fraud under § 523(a)(2)(A), a creditor must prove by a preponderance of the evidence the following five elements: (1) the debtor made a material misrepresentation, (2) with knowledge of its falsity, (3) with the intent to deceive, (4) on which the creditor justifiably relied, and (5) due to which the creditor sustained loss or damage. In re Kirsh, 973 F.2d 1454, 1457 (9th Cir. 1992).

Defendants submit the following material facts which they argue require that the court rule in their favor with respect to Plaintiff's claims under § 523(a)(2)(A): 1) The parties never met or spoke with each other prior to the closing of the sale, 2) A 5/2/05 addendum to the real estate contract indicating that the buyer would obtain the funds to pay the initial $640,000 through a loan (signed by Plaintiff), 3) The 5/23/05 addendum indicating that the buyer would execute a note to the Plaintiff secured by a second deed of trust in the amount of $600,000 (signed by Plaintiff), 4) Escrow instructions indicating that Plaintiff's lien would be subordinate to a trust deed, with all information regarding the particulars of the trust deed left blank, and 5) A policy of title insurance indicating that Plaintiff's lien was subject to a prior lien in favor of JLK Investments, Inc. and James D. Plummer in the amount of $1,000,000.

Plaintiff has submitted a declaration that the documents provided to her at closing did not

Ms. Scott and Mr. Casper
August 3, 2009
Page - 4

indicate that her trust deed was subordinate to another trust deed. She also states that she was never told by anyone prior to closing that her trust deed would be subordinate and that she did not learn of this fact until a meeting in April 2007 during which the Defendants showed her documents they had, showing the trust deed to JLK Investments. Transcripts of deposition testimony related to a lawsuit filed in state court against the Defendants has also been submitted in which Plaintiff states that the signature on the 5/23/05 addendum appears to be hers, but that she doesn't remember signing it. She also states that she didn't learn of the 5/23/05 addendum until the April 2007 meeting; and her real estate agent, who had assisted her with the sale, also indicated at that meeting that she had never seen or received a copy of the 5/23/05 addendum and didn't know anything about it.

Given the requirement that the Court make reasonable inferences in favor of the Plaintiff, in this instance, and that there are certain gaps in the evidentiary record, I find that there are outstanding material facts with regard to the Plaintiff's claims under § 523(a)(2)(A).

<u>Conclusion</u>

This Letter Opinion represents the Court's findings of fact and conclusions of law. Based thereon, an order will be entered by the Court granting Defendant's motion for summary judgment with respect to claims under §§ 523(a)(4) and (a)(6). The Defendants' motion with respect to remaining claims will be denied. The adversary proceeding will proceed to trial based on those claims still outstanding.

                                        Very truly yours,

                                        FRANK R. ALLEY, III
                                        Bankruptcy Judge