# United States Bankruptcy Court
## for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

October 5, 2009

Mr. Keith Boyd
88 E. Broadway
Eugene, OR 97401-2933

Mr. Jared Casper
1818 E. McAndrews Rd.
Medford, OR 97504

      Re: Adv. Proc. 09-6006-fra    Martin v. Sovine

Dear Counsel:

      This court entered an order on August 3, 2009 granting in part and denying in part Defendants' motion for summary judgment. On September 15, 2009, Defendants filed a motion to reconsider the court's denial of summary judgment with respect to Plaintiff's claim under Code § 523(a)(2)(A). For the reasons that follow, Defendants' motion for reconsideration will be denied.

DISCUSSION

### Motion is Untimely

      A "motion to reconsider" is not specifically provided for in the Federal Rules of Civil Procedure. Where, as here, a party files a motion asking the court to alter or amend its judgment or order, the motion is considered to be made under Fed.R.Civ.P. 59(e), made applicable by Fed.R.Bankr.P. 9023. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)(internal citation omitted). Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." As the motion to reconsider was filed approximately six weeks after the court's order was entered, the motion is untimely under Rule 59(e).

### Motion is Not Sufficient to Alter or Amend

      The court in *389 Orange Street Partners* stated that a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the [trial] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.*

Assuming the motion had been timely filed, it does not meet the standard required under Rule 59(e). The same arguments are presented with the motion to reconsider as were made in Defendants' motion for summary judgment. Apparently to fill certain evidentiary gaps mentioned in the court's letter opinion, two affidavits are provided with the motion. They do not contain newly discovered evidence; rather, they contain evidence that was available at the time Defendants filed their motion for summary judgment, but was omitted. It is too late to file it now. The court did not commit clear error in denying summary judgment on the § 523(a)(2)(A) claim.

CONCLUSION

Defendants' motion for reconsideration was not timely-filed and, had it been timely-filed, is insufficient under Fed.R.Civ.P. 59(e) to cause the court to alter or amend its order denying Defendants' motion for summary judgment regarding Plaintiff's claim under § 523(a)(2)(A). The court will enter an order denying Defendants' motion for reconsideration.

Very truly yours,

FRANK R. ALLEY
Bankruptcy Judge